IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULY BUSINESS SERVICES, INC. | § | |
| | § | |
| V. | § | CIVIL CASE NO. 2:11CV256 |
| | § | |
| KARL V. STEIN | § | |

PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

COMES NOW Plaintiff July Business Services ("July") and complains of Defendant and for cause of action would show the Court as follows.

A.  PARTIES

1.  July is a corporation organized under the laws of the State of Texas with its principal place of business in Texas.

2.  Defendant Karl v. Stein is a citizen of the State of Texas and may be served with process at 191 Oak Hill Drive, Beeville, Texas 78102.

B.  JURISDICTION

3.  This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1331 because this case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*

C.  VENUE

4.  Venue is proper in this district under 28 U.S.C. § 1391(a) because Defendant resides in this district and a substantial part of the acts or omissions giving rise to this suit occurred in this district.

D.  CONDITIONS PRECEDENT

5.  All conditions precedent to July's claims and recovery have been performed or have occurred.

E.  FACTS

6. July is a retirement plan and benefits administration firm providing services in the design, operation, and administration of retirement plans for various companies.

7. July has provided administration services to the Thomas-Spann Clinic, P.A., regarding its employee profit-sharing plan ("the Plan").  As an "employee benefit plan" of an employer engaged in commerce or an industry affecting commerce, the Plan is covered by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.  See* 29 U.S.C. §§ 1002(3), 1003(a).

8. Defendant was employed by the Thomas-Spann Clinic.  When Defendant's employment with the Thomas-Spann Clinic ended, he began receiving monthly distributions of the benefits to which he was entitled under the Plan. He eventually chose to roll his benefits over into an IRA administered by Pershing, LLC.

9. By mistake, Defendant was allowed a rollover of $ 32,304.12 in excess of his balance in the Plan, based on a failure to consider one monthly payment previously made to Defendant.

10. During a subsequent audit of the Plan, it was determined that Defendant's benefits were miscalculated, based on the failure to consider prior distributions to Defendant which occurred in the months leading up to the final distribution, and that Defendant received $32,304.12 in excess of the amount to which he was entitled under the Plan.

11. Upon discovering the overpayment, the Thomas-Spann Clinic requested that Defendant repay the Plan $32,304.12, reflecting the amount of overpayment plus $2,832.69 in interest from the rollover to the date of the request, as calculated using the Department of Labor's Voluntary Fiduciary Corrections Program.  Defendant failed to make this repayment and the Thomas-Spann Clinic paid $35,136.81 into the Plan to compensate for the overpayment.  July has since reimbursed the clinic for this amount.

12. Both the Thomas-Spann Clinic and July have attempted to recover the overpayment without the need for litigation, contacting Defendant, informing him of the overpayment, and requesting that the overpayment be returned.  Despite letters and phone calls to Defendant, he has refused to cooperate in returning to the plan funds he received outside of its terms.

F.  CAUSES OF ACTION

*1. Restitution*

13. As administrator of the Plan with discretionary authority to manage and dispose of the Plan's assets, Thomas-Spann Clinic is a fiduciary within the meaning of ERISA.  *See* 29 U.S.C.

§§ 1002(14)(A); 1002(21)(A).  July has reimbursed the Thomas-Spann Clinic for the amount that the clinic paid into the Plan to compensate for the overpayment, thereby purchasing the clinic's claim against Defendant, and July therefore has standing to pursue recovery of the overpayment.

14.  ERISA, 29 U.S.C. § 1132(a)(3), authorizes a plan fiduciary to pursue a civil action for "appropriate equitable relief" to redress violations of ERISA or to enforce any provisions of ERISA or the terms of the relevant plan.  "Appropriate equitable relief" includes a claim for restitution.  *See Bombardier Aero. Emple. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 355-56 (5th Cir. 2003).

15.  The funds for which July seeks restitution are specifically identifiable, in that Defendant was overpaid $32,304.12 which he immediately rolled into his IRA account.  The funds belong in good conscience to the Plan because the $32,304.12 is a payment in excess of the benefits to which Defendant was entitled under the terms of the Plan, such payment was made to Defendant in error, and both the clinic and July have notified Defendant of the overpayment and has made diligent attempts to recover the overpayment.  Finally, the funds are within the constructive possession and control of the Defendant, and are accordingly within his possession and control and recoverable by July.  *See Bombardier Aero. Emple. Welfare Benefits Plan*, 354 F.3d at 356.  For these reasons, July is entitled to restitution of the $32,304.12 overpayment from Defendant, as well as $ 2,832.69 in interest.  *See id.* at 355-56.

## *2. Injunctive Relief*

16.  July will suffer irreparable harm if defendant is not enjoined during the pendency of this lawsuit from Defendant's transferring, spending, or other dissipation of the funds that are the subject of this suit.  ERISA provides a plan administrator only the authority to seek equitable relief; a plan administrator cannot recover a money judgment for an overpayment of plan benefits.  *See id.*  That is, ERISA literally provides July no remedy at law.  July faces imminent harm in that Defendant has already refused multiple attempts by the clinic and July, acting on behalf of the plan, to recover the overpayment and Defendant could any day transfer, spend, or otherwise dissipate the overpayment funds and place them beyond recovery.

17..  There is a substantial likelihood that July will prevail on the merits.  As the above allegations establish, there was an overpayment from the plan to Defendant, Defendant has refused to make repayment, and the funds appear to be traceable to an IRA or other investment account in which the funds remain in Defendants' constructive possession.  *See Bombardier Aero. Emple. Welfare Benefits Plan*, 354 F.3d at 355-56 (discussing the elements of an ERISA restitution claim).

18. The harm faced by July outweighs the harm that would be sustained by the defendant if the preliminary injunction were granted. A preliminary injunction would only temporarily restrain Defendant's use of a portion of the employee benefits he received upon ending his employment with the clinic until the merit of July's restitution claim can be addressed. On the other hand, if injunctive relief is not granted Defendant could transfer, spend, or otherwise dissipate the overpayment funds and completely vitiate July's restitution claim.

19. Issuance of a preliminary injunction would not adversely affect the public interest. To the contrary, ERISA, 29 U.S.C. § 1132(a)(3), expressly recognizes a plan administrator's authority to seek injunctive relief to enforce the terms of a plan subject to ERISA. And the United States Supreme Court has approved of the use of injunctive relief to set aside particular funds that may rightfully belong to the plan to facilitate the plan's recovery of such funds. *See Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356, 361-62 (2006).

20. July is willing to post a bond in the amount the court deems appropriate or continue the bond the Court may set should the Court grant July's request for a Temporary Restraining Order.

21. July asks the court to set its application for preliminary injunction for hearing at the earliest possible time and, after hearing the request, issue a preliminary injunction against defendant.

## G.  ATTORNEYS' FEES

22. The clinic and July have attempted on a number of occasions to contact Defendant and to resolve this matter without resorting to litigation. Despite being informed of the overpayment, and despite never contesting that an overpayment has been made, Defendant has refused to cooperate in anyway toward repaying to the Plan benefits that are not rightfully his. ERISA, 29 U.S.C. § 1132(g), grants this Court discretion to award fees to the prevailing party. Should July prevail on its restitution claim, because it has incurred fees and expense that it would not have otherwise incurred in the administration of the Plan, and because Defendant's position has no merit and future conduct such as his should be deterred, this Court should award to July those fees and costs. *See Iron Workers No. 727 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir. 1982) (in assessing request for fees under § 1132(g), court should consider, inter alia, the defendant's culpability or bad faith, the benefit to the beneficiaries and participants of the plaintiff's action, the deterrent effect on future similar conduct, and the relative merit of the parties' positions); . *Laborers' Pension Fund v. Lay-Com, Inc*., 580 F.3d 602, 615 (7th Cir. 2009) (noting presumption in favor of awarding prevailing party attorneys' fees in action under ERISA); *cf. First Nat'l Bank & Trust Co. of Mt. Home v. Stonebridge Life Ins. Co.,* 619 F.3d 951, 956 (8th Cir. 2010) (no award of fees that plan administrator would have incurred regardless of lawsuit).

H.  PRAYER

23. For the foregoing reasons, July asks for judgment against Defendant and that such judgment award to it the following relief:

   a. Restitution in the amount of $35,136.81;

   b. Pre- and post-judgment interest as provided by law;

   c. Attorneys' fees;

   d. Costs; and

   d. All other relief the court deems appropriate.

Respectfully Submitted,

   /s/ *Marcus J. Brooks*
Marcus J. Brooks
State Bar No. 24040579
Joe Rivera
State Bar No. 24065981

NAMAN, HOWELL, SMITH  & LEE, PLLC
400 Austin Avenue, Suite 800
P.O. Box 1470
Waco, Texas 76703-1470
Phone:       (254) 755-4100
Fax:         (254) 754-6331

ATTORNEY FOR JULY BUSINESS SERVICES