IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **JULY BUSINESS SERVICES, INC.** | § | |
| | § | |
| V. | § | CIVIL CASE NO. 2:11CV256 |
| | § | |
| **KARL V. STEIN** | § | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT
## OF ITS MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Plaintiff July Business Services, Inc., and files the Memorandum in Support of its Motion for Preliminary Injunction and in support thereof would show the Court as follows:

### A. Introduction

1. Plaintiff is July Business Services, Inc. ("July"); defendant is Karl Stein.

2. Plaintiff has filed suit against Defendant under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. A copy of the original complaint is attached as Exhibit A.

3. July alleges that it is the third-party administrator of an employee profit-sharing plan for the Thomas-Spann Clinic, P.A. The plan is covered by ERISA. Defendant's benefits under the plan were miscalculated and Defendant received an overpayment of $32,304.12 when he ended his employment at the clinic. These funds were initially rolled over into an IRA administered by Pershing, LLC, and are believed to still be present in this or another account administered by Pershing. The Thomas-Spann Clinic requested that Defendant refund the overpayment but Defendant refused to make this refund and the clinic paid the overpayment into

the plan. July then repaid the clinic for the overpayment and purchased the clinic's claim against Defendant. Multiple demands have been made on Defendant to repay the overpayment. Defendant has refused to do so.

4. An affidavit by Jim Hudson that proves these allegations is attached as Exhibit B and incorporated by reference.

## B. Argument

5. July will suffer immediate and irreparable injury if Defendant is not immediately restrained from transferring, spending, or otherwise dissipating the funds representing the overpayment from the plan, for which July has no adequate remedy at law. *See* Fed. R. Civ. P. 65(b). ERISA, 29 U.S.C. § 1132(a)(3), authorizes a plan fiduciary to pursue a civil action for "appropriate equitable relief" to redress violations of ERISA or to enforce any provisions of ERISA or the terms of the relevant plan. "Appropriate equitable relief" includes a claim for restitution but does not include a claim for monetary damages. *See Bombardier Aero. Emple. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 355-56 (5th Cir. 2003). That is, ERISA by its terms literally provides no remedy at law. *Id.* If the funds representing the overpayment cannot be traced and identified, they cannot be recovered. *Id.*

6. There is a substantial likelihood that July will prevail on the merits. The authority of a plan administrator to bring a claim for restitution to recover an overpayment is well established. *See id.*; *see also Bauhaus USA, Inc. v. Copeland*, 292 F.3d 439, 441-45 (5th Cir. 2002) (interpreting a plan administrator's ability to recover on a restitution claim). And as the affidavit of Jim Hudson shows, there was an overpayment from the plan to Defendant, Defendant has refused to make repayment, and the funds appear to be traceable to an IRA or other

investment account administered by Pershing, LLC, in which the funds remain in Defendants' constructive possession. *See Bombardier Aero. Emple. Welfare Benefits Plan*, 354 F.3d at 355-56 (discussing the elements of an ERISA restitution claim).

7. The harm faced by July outweighs the harm that would be sustained by the defendant if the preliminary injunction were granted. A preliminary injunction would only temporarily restrain Defendant's use of a portion of the employee benefits he received upon ending his employment with the clinic until the merit of July's restitution claim can be addressed. On the other hand, if injunctive relief is not granted Defendant could transfer, spend, or otherwise dissipate the overpayment funds and completely vitiate July's restitution claim.

8. Issuance of a preliminary injunction would not adversely affect the public interest. To the contrary, ERISA, 29 U.S.C. § 1132(a)(3), expressly recognizes a plan administrator's authority to seek injunctive relief to enforce the terms of a plan subject to ERISA. And the United States Supreme Court has approved of the use of injunctive relief to set aside particular funds that may rightfully belong to the plan to facilitate the plan's recovery of such funds. *See Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356, 361-62 (2006).

9. July is willing to post a bond in the amount the court deems appropriate or continue the bond the Court may set should the Court grant July's request for a Temporary Restraining Order.

## C. Conclusion

WHEREFORE, July requests that the Court enter a Preliminary Injunction enjoining Defendant, his officers, agents, servants, employees, and attorneys from transferring, spending, or otherwise dissipating the funds that are the subject of this suit during the pendency of this suit.

Respectfully Submitted,

_____/s/ *Marcus J. Brooks*_____
Marcus J. Brooks
State Bar No. 24040579
Joe Rivera
State Bar No. 24065981


NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
P.O. Box 1470
Waco, Texas 76703-1470
Phone:      (254) 755-4100
Fax:         (254) 754-6331


# CERTIFICATE OF SERVICE

I certify that a copy of this Motion for Preliminary Injunction will be served in conjunction with service of process and any order granting July's Ex Parte Motion for Temporary Restraining Order, currently pending before this Court.

_____/s/ *Marcus J. Brooks*_____
Marcus J. Brooks