IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULY BUSINESS SERVICES, INC. | § § § | |
| v. | § § | CIVIL ACTION NO. 2:11CV256 |
| KARL V. STEIN | § § § § | |

# DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

DEFENDANT, Karl V. Stein, files its Original Answer to Plaintiff's Original Complaint and respectfully shows the Court as follows:

1. With regard to paragraph 1 of Plaintiff's Complaint, Karl V. Stein admits that Plaintiff is a corporation organized under the laws of the State of Texas with its principal place of business in Texas.

2. With regard to paragraph 2 of Plaintiff's Complaint, Karl V. Stein admits that he is a citizen of the State of Texas and may be served with process at 191 Oak Hill Drive, Beeville, Texas 78102.

3. With regard to paragraph 3 of Plaintiff's Complaint, Karl V. Stein admits that the Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because this case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

4. With regard to paragraph 4 of Plaintiff's Complaint, Karl V. Stein admits that venue is proper.

5. Karl V. Stein denies paragraph 5 of Plaintiff's Original Complaint in its entirety.

6. With regard to paragraph 6 of Plaintiff's Complaint, Karl V. Stein admits that Plaintiff is a retirement plan and benefits administration firm providing services in the design, operation, and administration of retirement plans for various companies.

7. With regard to paragraph 7 of Plaintiff's Complaint, Karl V. Stein admits that Plaintiff has provided administration services to the Thomas-Spann Clinic, P.A., regarding its employee profit-sharing plan ("the Plan") and that the Plan is covered by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

8. With regard to paragraph 8 of Plaintiff's Complaint, Karl V. Stein admits that he was employed by the Thomas-Spann Clinic. Karl V. Stein also admits that when his employment with the Thomas-Spann Clinic ended, he began receiving monthly distributions of the benefits to which he was entitled under the Plan and that he chose to roll his benefit over into an IRA administered by Pershing, LLC.

9. With regard to paragraph 9 of Plaintiff's Original Complaint, Karl V. Stein is without sufficient information to admit or deny he was mistakenly allowed a rollover of $32,304.12 in excess of his balance based on Plaintiff's failure to consider one monthly previous payment made to him.

10. With regard to paragraph 10 of Plaintiff's Complaint, Karl V. Stein is without sufficient information to admit or deny whether it was determined that his benefits were miscalculated, based on the failure to consider prior distributions to him which occurred in the months leading up to the final distribution, or that he received $32,304.12 in excess of the amount to which he was entitled under the Plan.

11. With regard to paragraph 11 of Plaintiff's Complaint, Karl V. Stein denies that the Thomas-Spann Clinic requested that Defendant repay the Plan $32,304.12, but admits that they requested the payout of $2,832.69 in interest. Karl V. Stein is without sufficient information to admit or deny whether the Thomas-Spann Clinic paid $35,136.81 into the Plan or whether Plaintiff has since reimbursed the clinic for this amount.

12. Karl V. Stein admits that the Thomas-Spann Clinic and Plaintiff have contacted him but they never provided and accounting or justification as to the alleged error in Plaintiff in making an overpayment so Karl V. Stein is without sufficient information to admit or deny liability.

13. With regard to paragraph 13 of Plaintiff's Original Complaint, Karl V. Stein is without sufficient information to admit or deny Plaintiff's statements.

14. Karl V. Stein admits the statements of paragraph 14 of Plaintiff's Original Complaint.

15. Karl V. Stein admits that all funds received by him were rolled over into his IRA account but denies the remainder of Plaintiff's allegations in paragraph 15.

16. Karl V. Stein denies Plaintiff's allegations in paragraph 16.

17. Karl V. Stein denies Plaintiff's allegations in paragraph 17.

18. Karl V. Stein denies Plaintiff's allegations in paragraph 18.

19. Karl V. Stein admits Plaintiff's statements in paragraph 19 of Plaintiff's Original Complaint.

20. Karl V. Stein is without sufficient information to admit or deny Plaintiff's statements in paragraph 20.

21. Regarding Plaintiff's request for injunctive relief in paragraph 21, Karl V. Stein generally denies Plaintiff is entitled to any of the relief it seeks.

22. Karl V. Stein denies Plaintiff's allegations in paragraph 22.

23. Regarding Plaintiff's Prayer for Relief, Karl V. Stein generally denies Plaintiff is entitled to any of the relief it seeks.

## DEFENDANT'S REQUEST FOR TRIAL BY JURY

24. Karl V. Stein respectfully requests a trial by jury should Plaintiff's claims survive dispositive treatment.

## DENIAL & AFFIRMATIVE DEFENSES

25. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Karl V. Stein denies each and every allegation contained in Plaintiff's Original Complaint except those expressly admitted herein.

26. Karl V. Stein is not liable to Plaintiff because Plaintiff's claims are barred by the two-year statute of limitations in Texas Civil Practice and Remedies Code Section 16.003. ERISA does not provide a statute of limitations for claims under 29 U.S.C. § 1132(a)(3); therefore, the Court should apply the most analogous limitations period under forum-state law. *See Verizon Employee Benefits Committee v. Frawley*, 655 F.Supp.2d 644, 646. Under Texas law, unjust enrichment claims are governed by the two-year statute of limitations applicable to claims for taking or detaining personal property of another. *See* Tex. Civ. Prac. & Rem. Code § 16.003; *Verizon Employee Benefits Committee v. Frawley*, 655 F.Supp.2d 644, 647-648. Plaintiff's claim accrued on December 10, 2008, and Plaintiff filed suit on August 3, 2011.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Karl V. Stein respectfully prays that it have a judgment of the Court that Plaintiff take nothing by this suit and that Karl V. Stein receive its costs and such further relief, both at law and equity, to which it may show itself entitled.

                Respectfully submitted,

                WOOD, BOYKIN & WOLTER
                A Professional Corporation
                615 N. Upper Broadway, Suite 1100
                Corpus Christi, Texas 78401-0748
                (361) 888-9201
                (361) 888-8353 (facsimile)

                By:   /s/ Daniel O. Gonzalez
                        Daniel O. Gonzalez
                        Federal I.D. 753307
                        State Bar No. 24051691
                        John D. Bell
                        Federal I.D. 2184
                        State Bar No. 02078900

                ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of September, 2011, a true and correct copy of this document has been forwarded to all counsel of record as indicated below.

*<u>Via Certified Mail Return Receipt Requested</u>:*

Marcus J. Brooks
Naman Howell Smith & Lee, PLLC
400 Austin Avenue, Suite 800
P.O. Box 1470
Waco, Texas 76703

               */s/ Daniel O. Gonzalez*
               Daniel O. Gonzalez